JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rukhadze, Lamara

## DEFENDANTS
Farah, Eddie E., Farah, Charley, Coley, Jordan S., Farah & Farah

**(b)** County of Residence of First Listed Plaintiff   **Fairfield County, CT**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Duval County, FL**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Eddy, Eddy & Associates, PLLC, 991 Post Road East, Westport, CT 06880  (203) 341-9808

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question  *(U.S. Government Not a Party)*
- ☒ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
**28 U.S.C. 1332**
Brief description of cause:
Defendants negligently represented plaintiff in a pesonal injury matter

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  10/27/16

SIGNATURE OF ATTORNEY OF RECORD  *D.D. Eddy*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

LAMARA RUKHADZE, a
Connecticut resident

        Plaintiff,

-against-

EDDIE E. FARAH, ESQ.,
CHARLIE FARAH, ESQ.
JORDAN S. COLEY, ESQ. and
FARAH & FARAH

        Defendants.

Civil Action No._____

COMPLAINT

JURY TRIAL DEMANDED

---

Plaintiff Lamara Rukhadze by and through her attorneys, Eddy & Associates, PLLC, by way of complaint against the above-named Defendants, hereby allege the following:

## INTRODUCTION

1. This case arises out of a professional malpractice matter that occurred in Jacksonville, Florida.

2. This lawsuit seeks to hold Defendants EDDIE E. FARAH, ESQ., CHARLIE FARAH, ESQ., JORDAN S. COLEY, ESQ. and FARAH & FARAH accountable for their departure from the standard of professional care owed to protect the Plaintiff's legal interests.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties based upon diversity of Citizenship pursuant to 28 U.S.C. §1332.

4. The Plaintiff LAMARA RUKHADZE resides in Stamford, Connecticut and resided in Stamford, Connecticut at the time of the incident that is the basis of this action.

5. Defendant EDDIE E. FARAH, ESQ., is an attorney licensed to practice law in The State of Florida and a founding partner of Defendant FARAH & FARAH.

6. Defendant CHARLIE FARAH, ESQ. is an attorney licensed to practice law in The State of Florida and a founding partner of DEFENDANT FARAH & FARAH.

7. Defendant JORDAN S. COLEY, ESQ. is an attorney licensed to practice law in The State of Florida and an associate with Defendant FARAH & FARAH.

8. Defendant FARAH & FARAH is a Florida law firm headquartered in Jacksonville that promotes itself as specializing in personal injury.

9. Venue is proper in this Court under 28 U.S.C. §1391 because at all times hereto, the Plaintiff was a resident of the State of Connecticut and all Defendants are residents of the State of Florida.

## FACTUAL ALLEGATIONS

10. On December 20, 2013, the Plaintiff was visiting her son and grandchildren in Jacksonville, Florida when the family went shopping at Costco, located at 4901 Gate Parkway, Jacksonville, Florida 33246.

11. While in Costco, the Plaintiff slipped and fell on a slippery substance on the floor.

12. In January 2014, the Plaintiff signed a retainer agreement with Defendant FARAH & FARAH, wherein Defendant FARAH & FARAH agreed to represent Plaintiff in a negligence action against Costco arising out of premises liability.

13. By way of a letter dated January 17, 2014, Defendant JORDAN S. COLEY, ESQ. introduced herself to the Plaintiff and explained that she would be the attorney handling the case. The letter was mailed to the Plaintiff at her place of employment in Darien, Connecticut.

14. On October 24, 2014, Defendant COLEY electronically filed a complaint against Costco on Plaintiff's behalf in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida.

15. Paragraph 2 of the Complaint provides that "[a]t all times material hereto, Plaintiff LAMARA RUKHADZE, was a resident of Stamford, Fairfield County, Connecticut."

16. On March 20, 2015, Costco served Defendants FARAH & FARAH and JORDAN S. COLEY with a Proposal for Settlement pursuant to Florida Statute §768.79 and Florida Rules of Civil Procedure 1.442 in the amount of $1,500.00 inclusive of litigation costs, interest and reasonable attorneys' fees.

17. The Settlement Proposal was deemed rejected as Plaintiff failed to accept in writing within 30 days of service.

18. On May 29, 2015, Plaintiff was deposed by Costco attorneys.

19. During the course of the deposition, Plaintiff was unable to tell the Costco attorney where she fell or what caused her to fall. She could not answer how large the

3

substance that caused her to fall was, where it came from or how long it had been on the floor.

## **NEGLIGENCE OF THE DEFENDANTS**

20. Based upon her deposition testimony, Plaintiff was clearly unable to establish that Costco had either actual or constructive notice of the spill that caused Plaintiff's injury.

21. Given the basic tenets of premises liability law, it would have been apparent to a reasonably prudent attorney familiar with personal injury law that Plaintiff's cause of action could not succeed.

22. Although it should have been apparent to Defendant COLEY that lack of notice would be fatal to any claim against Costco, rather than advise her client of the law and the weakness in her case, and/or aggressively negotiate the settlement offer of March 20, 2015, she did nothing until she was served with Costco's Motion for Summary Judgment dated July 13, 2026.

23. Costco's Motion for Summary Judgment was granted on September 9, 2015 and on September 28, Costco's attorneys moved to tax their costs and attorneys' fees against the Plaintiff pursuant to Florida Statute §57.401 and §768.79 and Florida Rules of Civil Procedure 1.525 and 1.442.

24. Costco is seeking reimbursement of $43,188.10.

25. By failing to recognized that without prior notice, her claim against Costco had no merit in law, Defendant COLEY departed from the standard of professional care owed

4

to protect the Plaintiff's legal interests. This departure was a legal cause of harm to the plaintiff.

26. Similarly, Defendants EDDIE E. FARAH, CHARLIE FARAH and the law firm of FARAH AND FARAH are responsible for Plaintiff's damages under a theory of agency.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff LAMARA RUKHADZE prays for judgment in her favor and against the Defendants jointly and severally as follows:

A. For such compensatory damages occasioned by the negligent conduct of the Defendants as may be proved at trial;

B. For her costs of suit incurred herein;

C. For pre-judgment and post-judgment interest, at the rate allowed by law, on all such amounts awarded from the date of filing this Complaint and after judgment is entered; and

D. For such other and further relief as this Court deems appropriate and equitable.

DATED: October 27, 2016

                              EDDY & ASSOCIATES, PLLC

                              By: *D. D. Eddy*
                                  DEBORAH D. EDDY, #CT 26752
                                  991 Post Road East
                                  Westport, CT 06880
                                  (T) 203-341-9808
                                  Email: deborah@eddyandassociates.com
                                  Attorney for Plaintiff,
                                  Lamara Rukhadze