UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAMARA RUKHADZE,
    *Plaintiff*,

v.

EDDIE E. FARAH, *et al.*,
    *Defendants*.

No. 3:16-cv-1779 (JAM)

### ORDER OF DISMISSAL FOR LACK OF FEDERAL JURISDICTION

Plaintiff is a citizen of Connecticut, and she has filed this lawsuit for legal malpractice against several defendants who are allegedly citizens of Florida. Because I conclude that plaintiff has not plausibly alleged facts or otherwise adduced evidence to satisfy the minimum amount in controversy of $75,000 that is required for this Court's exercise of diversity jurisdiction, I will dismiss this action.

#### BACKGROUND

Plaintiff slipped and fell one day while shopping at a Costco store in Florida. She retained the defendants—a Florida law firm and three of its attorneys—to file suit against Costco in a Florida state court. According to plaintiff, her Florida lawyers failed to negotiate a favorable settlement in response to an initial offer of settlement from Costco for $1,500. Instead, Costco filed a summary judgment motion, which resulted not only in a judgment dismissing plaintiff's claim but also an award against plaintiff for Costco's attorneys' fees and costs of $43,188.10.

According to plaintiff, her lawsuit against Costco failed because when she was deposed she "was unable to tell the Costco attorney where she fell or what caused her to fall." Doc. #1 at 4 (¶ 19). The complaint states that plaintiff "was clearly unable to establish that Costco had

either actual or constructive notice of the spill that caused Plaintiff's injury," and "it would have been apparent to a reasonably prudent attorney familiar with personal injury law that Plaintiff's cause of action could not succeed." *Id.* at 4–5 (¶¶ 20–21). Now, in this federal court action, plaintiff seeks to hold her Florida lawyers liable for compensatory damages for their allegedly negligent conduct, as well as for damages for the costs of filing suit against defendants, damages for pre-judgment and post-judgment interest, and such further relief as this Court may deem appropriate and equitable.

## DISCUSSION

Federal courts have diversity jurisdiction over civil actions if the parties are citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

"The party seeking to invoke the diversity jurisdiction of the court bears the burden of demonstrating that the requirements for jurisdiction have been satisfied." *Local 538, United Bhd. of Carpenters v. U.S. Fid. & Guar. Co.*, 154 F.3d 52, 54 (2d Cir. 1998). Moreover, notwithstanding any "good faith" on a plaintiff's part, a complaint may be dismissed "where it is apparent that, to a legal certainty, [plaintiff] could not recover the requisite jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994).

After I initially reviewed plaintiff's complaint and concluded that it did not appear to allege an amount in controversy exceeding $75,000, I ordered plaintiff either to withdraw the action or to file a response explaining the basis for diversity jurisdiction. *See* Doc. #6. In her

response to the Court's order, plaintiff insists that this Court has jurisdiction and raises three grounds in support of her claim.

First, plaintiff contends that the underlying "action for damages, if properly handled by the Defendants, would have exceeded $75,000 in and of itself see verdicts attached." Doc. #7 at 2 (attaching verdict reports from other Florida cases). This argument is readily refuted by the very allegations of plaintiff's complaint acknowledging that she was unable to testify at her deposition to facts that would have entitled her to *any* relief against Costco for her claim in the Florida court. Her complaint in this action concedes that her complaint in the Florida court "could not succeed" and "had no merit in law." Doc. #1 at 5 (¶¶ 21, 25). The fact that plaintiff is able to identify verdicts in other Florida negligence cases that exceed $75,000 does nothing to show that her own claim in the Florida action was worth more than $75,000.

Second, plaintiff alleges that she has accrued $13,000 in medical bills stemming from her accident at the Costco store. Although it is regrettable that plaintiff was injured, the fact that she was injured and has medical bills does not establish grounds for holding her Florida lawyers liable to pay them.

Lastly, plaintiff alleges that the negligence of her Florida lawyers resulted in the judgment against her for Costco's attorneys' fees and costs of $43,188.10. Even if I fully accept this claim (and plaintiff's claim that her lawyers should have accepted Costco's initial settlement offer of $1,500), the possible liability falls far short of the $75,000 threshold that is required to allow for this Court's exercise of federal diversity jurisdiction.

Because plaintiff has not met her burden of showing that the $75,000 amount-in-controversy requirement is satisfied, this Court lacks jurisdiction. Accordingly, I am required to

3

dismiss this case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction, and the case is DISMISSED. The Clerk is directed to close this case.

It is so ordered.

Dated at New Haven this 22nd day of November 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge